Hall v. Leaming.

---

## JOSEPH HALL v. LEMUEL LEAMING

1. A judgment creditor who has received partial payments on his judgment, is not liable to an action by reason of issuing an execution for a larger amount than the balance due him, unless it appear that he knew the amount claimed by him was excessive, and his motive was to oppress the defendant.
2. A civil action, in all its parts, is a claim of right, and is pursued only at the peril of costs if not sustained.

---

On case certified for opinion of this court.

The plaintiff brought an action on the case against the defendant, for an alleged abuse of legal process in issuing an execution on a judgment, on which payments had been made, for a larger amount than remained due, and by virtue thereof selling the goods and chattels of the plaintiff. Upon the

trial it appeared that the defendant had obtained judgment against the plaintiff on a bond and warrant of attorney for $1000, being the penalty of the bond, and issued an execution with a direction thereon for the sheriff to levy as the real debt $348.35, besides costs. That the sheriff advertised the plaintiff's personal property for sale under this execution, and by virtue of sundry other prior executions then in his hands. That before the sale the plaintiff stated to the defendant that he owed him only about $230, and asked that the sale might be delayed until the actual amount could be ascertained, which the defendant refused, and proceeded with the sale, which was accordingly made by the sheriff; that the sum realized was much less than the value of the goods, and was not sufficient to satisfy the previous executions. That none of the judgment creditors but the defendant, directed the sheriff to sell; and that after the sale, on a motion in the court in which the defendant's judgment was entered, the sum due thereon was adjudged to be, after deducting payments, $253.80.

The court submitted the questions of fact to the jury, reserving the questions of law. The jury found a verdict for the plaintiff of $400 damages.

A motion for a new trial having been made at the circuit, that court certified the case to this court upon the point, " whether, upon the case made by the plaintiff, his action can be maintained ? "

For the plaintiff, *Parker & Keasbey.*

For the defendant, *J. T. Nixon.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The facts proved in this case show that the defendant caused an execution to be issued on a judgment which he held against the plaintiff, for an amount which was in excess of what was really due. The sum ordered to be raised did not exceed the amount of the judgment, nor

the amount originally due thereon, but it was for more than remained due after the subtraction of certain payments, which had been made subsequently to the rendition of the judgment. There was no proof whatever that the wrongful act of the defendant was wilful, or that, in doing the same, he was actuated by malice, except so far as such circumstances are to be inferred from the nature of the act itself.

It does not seem to me that this action can rest upon any other ground than upon the theory, that whenever a plaintiff puts the law in motion to the detriment of his adversary, and it eventually appears that he acted under a misapprehension of his rights, he renders himself liable to an action for an abuse of the process of the courts. The complaint here is, that the defendant issued his writ for a sum greater than the amount justly due him ; and the argument is, that he must have known the real balance coming to him, and hence the inference follows that he proceeded as he did, with consciousness of the wrong and from improper motives. But it is obvious that, by parity of reasoning, if the defendant had sued for this same balance, after a tender of the real amount due and had failed to recover, a suit would have lain. This has never been pretended. For if the assertion of a claim, either by action or execution, and an adjudication that such claim is unfounded, are elements which of themselves constitute a legal cause of action, the consequence must be, that want of success in a suit on the part of the actor is always action-able. This boundless field of litigation forms no part of the domain of the law.

I do not find that, at any time, there has been any obscurity or uncertainty as to the rule upon this subject. The counsel of the plaintiff produced no case which in the faintest degree appears to lend any color to this suit; but, to the contrary, all the cases referred to show that something more is requisite to warrant a recovery, than the facts proved on the trial of this case.

The leading, if not all the authorities, are in strict consonance, and all go to the point, that a civil action, in all its

parts, being a claim of right, is pursued at the peril only of *costs,* if not sustained. This is the general rule within which this case strictly falls. To convert the act into a suable tort, it must clearly appear that the legal process has been used from *malice and without probable cause.* These two ingredients are invariably held to be indispensable. In an early case, *Savil* v. *Roberts,* 1 *Salk.* 14, the doctrine is settled with much exactness. It is stated in these words: "So to bring an action, though there be no good ground, is not actionable, because it is a claim of right and he has found pledges, and is amerceable *pro falso clamore,* and is liable to costs; but if one has a cause of action to a small sum, and take out a latitat to a very great sum, or has no cause of action at all, and yet maliciously sues the plaintiff, to the intent to imprison him for want of bail or do him some special prejudice, an action on the case lies." The modern decisions hold the same language, but I deem it superfluous to refer to them, as they will be found cited in the ordinary text books. I will, however, quote the expression of this doctrine as contained in Broom's Treatise on the Common Law, *Law Library,* 3 *N. Series, p.* 501, on account of the entire aptness of its application to the case now before the court. "Process of execution," says this accurate author, "on a judgment seeking to obtain satisfaction for the sum recovered, is of course *prima facie* lawful, and the judgment creditor cannot even be rendered liable to an action, the debtor merely alleging and proving that the judgment had been partially satisfied, and that execution was sued out for a larger sum than remained due upon the judgment. Without malice and the want of reasonable or probable cause, the only remedy for a judgment debtor thus aggrieved is to apply to the court or a judge that he may be discharged, and that satisfaction may be entered up on payment of the balance justly due under the judgment. Where, however, the person of the debtor or his goods have been taken in execution for a larger sum than remained due on a judgment—this having been done by the creditor *maliciously and without reasonable or pro-*

*bable cause, i. e.,* the creditor well knowing that the sum for which the execution has been sued out is excessive, and his motive being to oppress and injure the debtor—an action on the case will lie for the malicious injury."

This clear statement of the law is fully sustained by the cases referred to, and is, as it seems to me, a correct declaration of the legal principles controlling this subject as they have been always recognized and acted upon by the courts.

Let the Circuit Court be advised that the facts proved will not sustain the plaintiff's action.

